# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.

    Case No. 18-10031-EFM

JASON P. BRISCOE,

    *Defendant.*

## MEMORANDUM AND ORDER

Before the Court is Defendant Jason Briscoe's Motion for Dismissal or Alternatively a New Trial (Doc. 86). For the following reasons, the Court denies Briscoe's motion.

### I.    Factual and Procedural Background

On November 6, 2018, a grand jury charged Briscoe with a nine-count superseding indictment. Briscoe was charged in Count 1 with possession with the intent to distribute methamphetamine, in Counts 2-3 with possession of a firearm in furtherance of a drug distribution crime, and in Counts 4-9 with being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1). After a trial on May 5, the jury convicted Briscoe on all counts.

In its instructions to the jury concerning the felon-in-possession counts, the Court stated that "[t]he government need not prove that the defendant had knowledge that he was a felon or

that he was prohibited from possession of a firearm. The defendant's knowledge that he could not possess a firearm as a convicted felon is not an element of a § 922(g)(1) violation." Furthermore, the superseding indictment charged Briscoe merely with knowing he possessed the firearm and not additionally knowing that he was a felon. On June 21, 2019, the Supreme Court held in *Rehaif v. United States*[1] that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the Government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm."[2]

Prior to the trial, the parties agreed that Briscoe would stipulate to the status element of Counts 4-9 so that the Government could not introduce potentially prejudicial evidence of Briscoe's past crimes. Briscoe has previously been charged with and convicted of multiple felonies, most recently in 2011 of distribution of methamphetamine for which he was sentenced to 57 months in prison. As a result of Briscoe's stipulation, neither party introduced evidence at trial pertaining to Briscoe's prior status as a felon. Briscoe has not presented any new evidence or directed the Court's attention to any evidence admitted at trial showing that he did not know of his status as a felon at the time he possessed the firearm in the underlying scenario.

Briscoe now moves to dismiss the felon-in-possession counts of the superseding indictment or, alternatively, for a new trial. The Court will only consider Briscoe's motion for a new trial in this order.[3] For the following reasons, the Court denies Briscoe's motion.

---

[1] 139 S.Ct. 2191 (2019).

[2] *Id*. at 2200.

[3] Briscoe asks for dismissal of the superseding indictment, arguing that the Court lacks subject-matter jurisdiction over the § 922(g)(1) charges because the indictment did not specifically charge him with knowing of his status as a felon. The Court finds this argument entirely without merit. The grand jury indicted Briscoe well before the Supreme Court decided the *Rehaif* case. While a grand jury indicting a charged defendant today would do well to more closely match its language to the elements required under *Rehaif*, the Court cannot consider the misstatement in

## II.     Analysis

Under Rule 33(a) of the Federal Rules of Criminal Procedure, the Court may grant a defendant a new trial "if the interest of justice so requires."[4] Courts have concluded that any error sufficient to require a reversal on appeal is an adequate ground for granting a new trial.[5] The defendant has the burden of proving the necessity of a new trial.[6] Briscoe argues that he is entitled to a new trial because the Court misstated the law, as recently elucidated in *Rehaif*, in its jury instructions. For the following reasons, the Court denies Briscoe's motion.

The parties do not dispute—and the Court agrees—that the jury instructions misstated the law as to the knowledge element of Counts 4 through 9, in light of the Supreme Court's recent ruling in *Rehaif*. However, the Court concludes that this misstatement was a harmless error. "An instructional error may be harmless where the element on which the jury was not properly instructed was uncontested and supported by overwhelming evidence, such that the jury verdict would have been the same absent the error."[7] Because the Court's harmless error review must focus exclusively on the erroneously instructed knowledge element, the error is harmless only if it is clear beyond a reasonable doubt that the jury would have found that Briscoe knew he was a felon at the time he possessed the firearm and ammunition.[8] "A reviewing court making this

---

the indictment in this case as anything other than harmless error. The Court's reasons for this decision are the same as its reasons for denying the motion for a new trial, stated below.

[4] Fed. R. Crim. P. 33(a).

[5] *United States v. Walters*, 89 F. Supp. 2d 1206, 1213 (D. Kan. 2000).

[6] *Id.*

[7] *United States v. Holly*, 488 F.3d 1298, 1307 (10th Cir. 2007) (internal citation and quotation omitted).

[8] *See United States v. Schneider*, 112 F. Supp. 3d 1197, 1211 (D. Kan. 2015), *aff'd* 665 F. App'x 668 (10th Cir. 2016).

harmless-error inquiry . . . asks whether the record contains evidence that could rationally lead to a contrary finding with respect to the omitted element. If the answer to that question is 'no,' holding the error harmless does not reflect a denigration of the constitutional rights involved."[9]

Briscoe argues that the Government failed to prove "an element of the crime charged in each of Counts 4 through 9; namely, that Jason Briscoe knew that he was a person barred from possessing a firearm." This argument misinterprets *Rehaif*. Prosecutors need not prove that a defendant knew he was barred from possessing a firearm. They need only prove that the defendant knew he had the relevant status, regardless of whether he also knew that the status prohibited him from lawfully possessing a firearm. To this point, the Government argues that Briscoe's stipulation as to his prior felonies singlehandedly establishes this element. The Court disagrees. Briscoe's stipulation in and of itself merely proves that he knew of his status as a felon at the time he stipulated, not necessarily at the time he possessed the firearm and ammunition. With that being said, after thoroughly reviewing the trial record and parties' arguments, the Court concludes that the error was harmless.

In *Rehaif*, the defendant was an immigrant who overstayed his student visa.[10] It was not clearly communicated to him, and evidence was not produced showing he was aware, that continuing to stay in the United States would make him an "alien" under § 922(g)(5).[11] When authorities later learned that he went to a gun range, he was prosecuted for being an unlawful alien

---

[9] *Neder v. United States*, 527 U.S. 1, 19 (1999) (internal citations, quotations, and alterations omitted).

[10] *Rehaif*, 139 S.Ct. at 2194.

[11] *See id.*

in possession of a firearm.[12] In dicta further differentiating the knowledge element, the Supreme Court stated that if § 922(g) was "construed to require no knowledge of status, [it] might well apply to an alien who was brought into the United States unlawfully as a small child and was therefore unaware of his unlawful status."[13] Continuing, the Court said "[o]r these provisions might apply to a person who was convicted of a prior crime but sentenced only to probation, who does not know that the crime is '*punishable* by imprisonment for a term exceeding one year.'"[14]

Unlike the defendant in *Rehaif*, Briscoe was actually charged with and convicted of multiple prior felonies. He was sentenced to 57 months of incarceration for his most recent conviction. This case does not present a situation where Briscoe first possessed a status allowing him to lawfully possess a firearm and later experienced an unclear status change thereby preventing him from possessing a firearm. The Court finds it nearly impossible to believe that Briscoe could not have known of his status as a person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year," since even his most recent conviction resulted in a punishment of imprisonment for nearly five years.

Furthermore, the Court does not credit Briscoe's arguments concerning the lack of evidence presented at trial regarding his prior felonies. Briscoe stipulated to these felonies *in order that* the Government could not present such evidence at trial, pursuant to *Old Chief v. United States*.[15] Briscoe's own tactical choice forbade the Government from presenting evidence

---

[12] *Id*.

[13] *Id*. at 2197–98.

[14] *Id*. at 2198 (quoting 18 U.S.C. § 922(g)(1)).

[15] 519 U.S. 172 (1997) (holding that where a defendant in a § 922(g)(1) prosecution offers to stipulate to his felon status, the "probative value" of evidence about his convictions "is substantially outweighed by the danger of unfair prejudice" under Rule 401 of the Federal Rules of Evidence).

establishing his knowledge of his felony status. Additionally, Briscoe presented no evidence, either at trial or with the present motion, showing that he lacked knowledge of his status as a felon. There is nothing in the trial record to support the contention that Briscoe lacked such knowledge. In fact, the overwhelming evidence—although not direct—would lead any reasonable juror to conclude, beyond a reasonable doubt, that Briscoe knew of his status as a felon at the time he possessed the firearm and ammunition.

The trial record, Briscoe's stipulation, multiple prior felony convictions, and actual 57-month sentence of incarceration all lead the Court to conclude that granting a new trial would not conform with the intent of the harmless error doctrine in promoting Briscoe's right to a fair trial. Because the element on which the jury was not properly instructed was uncontested at trial and otherwise supported by overwhelming evidence, such that the jury verdict would have been the same absent the error, the Court concludes that the error was harmless.

**IT IS THEREFORE ORDERED** that Defendant Jason Briscoe's Motion for Dismissal or Alternatively a New Trial (Doc. 86) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 28th day of October, 2019.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE