IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    *Plaintiff*,

vs.

    Case No. 18-10031-EFM

JASON P. BRISCOE,

    *Defendant*.

**MEMORANDUM AND ORDER**

On October 21, 2022, the Court conducted a status conference relating to Defendant Jason P. Briscoe's Motion to Vacate filed pursuant to 28 U.S.C. § 2255. The Court previously authorized the parties to contact the Information Technology specialist and the law clerk assigned to the action, and both have reported that they have no independent recollection of a video presentation to the jury. The Court during the hearing noted that it is not persuaded that a constitutional violation automatically arises from any mid-deliberation contact with the jury by court staff, unless that contact involved or impacted the deliberations. Limited contact with jurors may help in clarifying what may have occurred as a result of the jury's request for assistance with the video evidence.

Pursuant to D. Kan. Rule 47.1(a)(1), the Court authorizes the parties to conduct joint interviews with the jurors who are willing to participate. The Court will first notify each juror by

letter of the nature of the inquiry, as well as their right under Rule 47.1(b)(1) to decline the interview. A copy of the letter is attached to the present Order. The parties may contact each juror by telephone, in a procedure they agree upon, to inquire as to the juror's willingness to meet with them, and to arrange a time and place for doing so. In no event may they appear at the juror's home or other location unannounced, or without prior permission from the juror.

The parties shall jointly and equally participate in each interview. Any representative of the government should not be in uniform or display any weapon. The parties may ask questions of the sort identified in Defendant's Status Report,[1] along with appropriate follow up questions. Consistent with the Rule, (1) the interview will terminate upon the request of a juror,[2] the parties may not inquire into the specific vote of other jurors,[3] and inquiry may not be made into the *content* of the deliberations.[4]

Once these contacts have been completed, the parties shall submit a joint stipulation as to their findings. After the stipulation is filed, the Court will schedule a hearing to address the issues in the case.

---

[1] Doc. 152, at 5-6.

[2] Rule 47.1(b)(1).

[3] Rule 47.1(b)(3)(A).

[4] Rule 47.1(b)(3)(B).

**IT IS SO ORDERED**.

Dated this 1st day of November, 2022.

ERIC F. MELGREN
CHIEF UNITED STATES DISTRICT JUDGE

# ATTACHMENT
# LETTER TO JURORS

Dear [Juror],

Thank you once again for your service as a juror in May of 2019 in *United States v. Briscoe*. I am writing to let you know that I have authorized the lawyers in the case to contact you. It is entirely up to you whether to speak with them or not.

Questions have arisen recently about video evidence that was admitted in the case and made available for review in the jury room. Given the unique vantage point of jurors, I have determined that you may be able to assist the Court in reconstructing procedural events connected with the video's review in the jury room. Please do not be concerned—the jurors did nothing wrong. We are simply revisiting the Court's processes.

The individuals who will be contacting you are Lindsay Runnels, an attorney, on behalf of the Federal Public Defender Office (which now represents Mr. Briscoe), and Scott Nace, acting on behalf of the United States Attorney's Office.

These individuals will reach out to you by phone within the next few weeks. If you are willing to speak with Ms. Runnels and Mr. Nace, they will arrange a convenient time at a place of your choosing for an informal interview with them. You are welcome to meet with them at your home, at a conference room in downtown Wichita, or anyplace else convenient to you. Again, you are under no obligation to speak with them, but you are free to do so if you wish.

-4-

As a final note, so that the parties can best benefit from each juror's individual recollection uninfluenced by the memories of other jurors, I request that you not discuss this matter with your fellow jurors before speaking to the parties' representatives.

Please feel free to contact me at [number/email] if you have any questions or concerns whatsoever. The Court remains grateful for your jury service.